# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

Alexandria Division



RECEIVED
JUL 26 2021
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

MARC STOUT,
ROBERT STOUT

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

SPOTSYLVANIA COUNTY SHERIFF'S DEPARTMENT

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. 3:21cv468
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ✔ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | MARC STOUT, ROBERT STOUT |
| Address | 30 WILLOW BRANCH PLACE |
| City | FREDERICKSBURG |
| State | VA |
| Zip Code | 22405 |
| County | STAFFORD |
| Telephone Number | (540) 370-6980 |
| E-Mail Address | FORMULAFOCUSED@GMAIL.COM |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | SPOTSYLVANIA COUNTY SHERIFF'S DEPARTMENT |
| Job or Title *(if known)* | |
| Address | 9119 DEAN RIDINGS LANE |
| City | SPOTSYLVANIA |
| State | VA |
| Zip Code | 22553 |
| County | |
| Telephone Number | (540) 507-7200 |
| E-Mail Address *(if known)* | |

[ ] Individual capacity   [✔] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |
| City | |
| State | |
| Zip Code | |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

[ ] Individual capacity   [ ] Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Defendant No. 3
  Name
  Job or Title *(if known)*
  Address

  _____
  City          State          Zip Code

  County
  Telephone Number
  E-Mail Address *(if known)*

  ☐ Individual capacity   ☐ Official capacity

Defendant No. 4
  Name
  Job or Title *(if known)*
  Address

  _____
  City          State          Zip Code

  County
  Telephone Number
  E-Mail Address *(if known)*

  ☐ Individual capacity   ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

  A. Are you bringing suit against *(check all that apply)*:

   ☐ Federal officials (a *Bivens* claim)

   ☑ State or local officials (a § 1983 claim)

  B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

   **FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEIZURES**

  C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

THE SPOTSYLVANIA COUNTY SHERIFF'S DEPARTMENT IS A POLICE FORCE AUTHORIZED BY VIRGINIA LAW TO ENFORCE THE LAWS OF VIRGINIA

### III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

SPOTSYLVANIA, VA

B. What date and approximate time did the events giving rise to your claim(s) occur?

BETWEEN 2013 AND 2021

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACHED "STATEMENT OF CLAIM III. C."

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

SUBJECTED TO INTIMIDATION

PLACED IN FEAR

LOSS OF PRIVACY

LOSS OF LIBERTY

LOSS OF SUPERIORITY

MENTAL AND EMOTIONAL ANGUISH

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

GENERAL COMPENSATORY DAMAGES IN THE AMOUNT OF $500,000 - SEE "INJURIES" ABOVE

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 07/12/2021

Signature of Plaintiff: /S/

Printed Name of Plaintiff: MARC STOUT, ROBERT STOUT

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

City   State   Zip Code

Telephone Number

E-mail Address

## STATEMENT OF CLAIM III. C.

1. Deputies with the Spotsylvania County Sheriff's Department forcibly identified Robert Stout on or about December 24, 2013 inside of a Walmart after deputies received a call that Stout didn't provide his customer receipt to a Walmart associate upon request before leaving the store.

2. Deputies commanded Robert Stout to provide his identification to them, presumably, under the threat of being arrested for obstruction of justice.

3. Deputies with the Spotsylvania County Sheriff's Department arrested Robert Stout and Marc Stout for, *inter alia*, obstruction of justice in 2020 when the brothers refused to identify themselves to deputies upon command after being detained.

4. The prosecutor dismissed Robert Stout's obstruction of justice charge.

5. Marc Stout was found not-guilty at trial.

6. Marc Stout filed a civil-rights lawsuit, *Stout v. Harris, et. al.*, in federal district court against the deputy who forcibly identified Marc Stout.

7. The outcome of that litigation is pending.

8. Marc Stout filed a complaint with the Sheriff. The Sheriff replied to Marc Stout stating that the Sheriff understood Marc Stout's complaint to mean that deputies "weren't being nice" to Marc Stout.

9. Deputies with the Spotsylvania County Sheriff's Department forcibly identified Marc Stout in 2021 after deputies arrested Marc Stout for "possession of an imitation controlled substance."

10. Deputies threatened Marc Stout with obstruction of justice if Marc Stout refused to provide his identification to deputies, stating to Marc Stout, "This time we can I.D. you because it's about drugs. If you don't give us your I.D. it's obstruction."

11. Because "possession of an imitation controlled substance" is not a crime in Virginia the "charge" was dropped on-scene and Marc Stout was released.

12. Marc Stout filed a civil-rights lawsuit, *Stout v. Harris, et. al.*, in federal district court against the deputies who forcibly identified Marc Stout during his arrest.

13. The outcome of that litigation is pending.

14. Between 2013 and 2021, that we know of, the Spotsylvania County Sheriff's Department has charged or threatened to charge, multiple times, the Stout brothers, that we know of, with obstruction of justice for refusing to identify themselves to deputies.

15. The Spotsylvania County Sheriff's Department engages in a persistent and widespread practice of charging individuals who refuse to identify themselves to deputies with obstruction of justice.

16. The Spotsylvania County Sheriff's Department's practice of charging individuals who refuse to identify themselves to deputies with obstruction of justice is so persistent and widespread that it constitutes custom or usage with the force of law.

17. In 2002 the Attorney General of Virginia issued an Opinion (see Exhibit A) that states that refusing to identify to law-enforcement in Virginia does not satisfy the elements of obstruction of justice.

18. The Spotsylvania County Sheriff's Department is, and has been, familiar with the Attorney General's Opinion since it was issued.

19. The Spotsylvania County Sheriff's Department's disregard for the Virginia Attorney General's Opinion, and continued practice of charging individuals who refuse to identify themselves to deputies with obstruction of justice, demonstrates deliberate indifference.

20. The Spotsylvania County Sheriff's Department trains its deputies to forcibly identify individuals if deputies believe they have reasonable suspicion or probable cause to detain or arrest an individual.

21. The Spotsylvania County Sheriff's Department attempts to identify everyone its deputies come into contact with.

22. When individuals object to providing identification they are forcibly identified by deputies.

02-082

**CRIMES AND OFFENSES GENERALLY: CRIMES AGAINST THE ADMINISTRATION OF JUSTICE.**

**Law-enforcement officer conducting lawful stop to investigate alleged criminal activity may not arrest for obstruction of justice suspect who refuses to identify himself to officer. Depending on circumstances, suspect may be detained for purpose of determining his identity.**

The Honorable Marsha L. Garst
Commonwealth's Attorney for the City of Harrisonburg
October 10, 2002

I am responding to your request for an official advisory opinion in accordance with § 2.2-505 of the *Code of Virginia*.

### Issues Presented

You ask whether a law-enforcement officer, who is engaged in a valid investigative stop of the kind permitted by *Terry v. Ohio*,[1] may arrest a person for obstruction of justice under § 18.2-460(A), when such person refuses to provide information concerning his identity to the officer.

### Response

It is my opinion, under the specific facts you have presented, that a law-enforcement officer conducting a lawful investigative stop may not arrest a suspect for obstruction of justice under § 18.2-460(A), when the suspect refuses to identify himself to the officer. Depending on the circumstances, however, there may be justification to detain a suspect for the purpose of determining his identity.

### Background

You relate a situation where a law-enforcement officer in your jurisdiction lawfully stops an unidentified individual whom the officer reasonably suspects has committed a criminal offense. The individual refuses to provide identifying information, thereby frustrating the progress of the investigation.

### Applicable Law and Discussion

Section 18.2-460(A) provides:

> If any person without just cause knowingly obstructs a … law-enforcement officer in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such … law-enforcement officer, he shall be guilty of a Class 1 misdemeanor.

In interpreting a former statute involving the obstruction of an officer performing his duty, the Supreme Court of Virginia has distinguished that which constitutes "obstruction":

> [T]here is a broad distinction between avoidance and resistance or obstruction.... "To constitute obstruction of an officer in the performance of his duty, it is not necessary that there be an actual or technical assault upon the officer, but there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to 'obstruct' ordinarily implies opposition or resistance by direct action.... It means to obstruct the officer himself not merely to oppose or impede the process with which the officer is armed."[2]

Additionally, the Supreme Court held that an attempt to escape the custody of an officer by running away does not provide a basis for a conviction for obstruction under the former statute.[3]

The Court of Appeals of Virginia has held that "obstruction of justice does not occur when a person fails to cooperate fully with an officer or when the person's conduct merely renders the officer's task more difficult but does not impede or prevent the officer from performing that task."[4] In applying § 18.2-460(A), the Court has also determined that providing inconsistent information, even if the information has the effect of frustrating the investigation, is not sufficient to warrant a conviction for obstructing justice.[5] Similarly, the Court has held that providing false information is not grounds for a conviction for obstruction of justice.[6]

If providing inconsistent information that, in effect, frustrates an investigation is not sufficient for a conviction for obstruction of justice, then it would also appear that failing to provide any information would not provide a basis for an arrest for obstructing justice.[7] Such a failure to respond does not constitute the requisite "opposition or resistance by direct action."[8]

Virginia courts have set a high threshold for a conviction under § 18.2-460(A). Given this precedent, I am compelled to conclude that a law-enforcement officer, even when armed with reasonable suspicion that criminal activity may be occurring, may not arrest a suspect for obstruction of justice on the basis that the suspect refuses to identify himself. The officer may, of course, pursue any other lawful avenues of investigation to determine the individual's identity. Those avenues, however, depend on the facts of each individual case.[9] A suspect's refusal or inability to provide his identification in some circumstances may prolong the justified period of detention. Reasonable suspicion about a suspect permits that he "be stopped in order to identify him, to question him briefly, ... while attempting to obtain additional information."[10] If the suspect's identity is material to confirming or dispelling the suspicion that led to the detention, depending upon the circumstances, the detention may be continued for a reasonable period to establish his identity.[11] Additionally, an officer may, pursuant to § 46.2-104, demand identification of a motorist he stops for a traffic violation.

## Conclusion

Accordingly, it is my opinion, under the specific facts you have presented, that a law-enforcement officer conducting a lawful investigative stop may not arrest a

suspect for obstruction of justice under § 18.2-460(A), when the suspect refuses to identify himself to the officer. Depending on the circumstances, however, there may be justification to detain a suspect for the purpose of determining his identity.

[1] 392 U.S. 1 (1968). A *Terry* stop allows an officer to approach and briefly detain an individual that the officer has reason to suspect is engaging in criminal activity. *Id.* at 27-31.

[2] Jones v. Commonwealth, 141 Va. 471, 478-79, 126 S.E. 74, 77 (1925) (citation omitted). In *Jones*, the accused was charged with violating § 55-c, which provided that "[a]ny person who shall hinder or obstruct any officer of this State charged with the duty of inspecting baggage for ardent spirits ... shall be deemed guilty of a misdemeanor." 1918 Va. Acts ch. 388, at 578, 611.

[3] *Jones*, 141 Va. at 478, 126 S.E. at 76. The accused in *Jones* was transporting barley, sugar, hops and yeast, and fled when stopped by the police officer, because he believed he had violated former § 55-c, which made in unlawful to "'hinder or obstruct any officer'" charged with inspecting any vehicle transporting ardent spirits. *Id.* at 477-78, 126 S.E. at 76 (quoting 1918 Va. Acts, *supra*, at 611).

[4] Ruckman v. Com., 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998).

[5] *Id.* at 431, 505 S.E.2d at 390.

[6] Dobson v. Commonwealth, No. 2802-97-2, 1999 Va. App. LEXIS 350, at *1 (June 15, 1999).

[7] A concurring opinion in *Terry v. Ohio* notes that a person detained in a *Terry* stop "[i]s not obligated to answer, answers may not be compelled, and refusal to answer furnishes no basis for an arrest, although it may alert the officer to the need for continued *observation*." 392 U.S. at 34 (White, J., concurring) (emphasis added). Relying on this concurrence, several courts have held that to arrest someone for failure to identify himself during a *Terry* stop violates the Fourth Amendment. *Accord* Martinelli v. City of Beaumont, 820 F.2d 1491 (9th Cir. 1987); *see, e.g.*, Timmons v. City of Montgomery, Ala., 658 F. Supp. 1086, 1092, 1093 (M.D. Ala. 1987) (vagrancy offense).

[8] *Jones*, 141 Va. at 479, 126 S.E. at 77.

[9] For example, the officer could approach others who are present and inquire about the suspect's identity, provided those individuals consent to such questioning. Additionally, if appropriate, the officer could follow the suspect home and determine who lives at that address. The options available to a police officer depend on the circumstances of each case. Accordingly, these examples are offered only to demonstrate other ways in which an officer may obtain this information if a suspect refuses to provide his identity, upon request, during a *Terry* stop.

[10] Hayes v. Florida, 470 U.S. 811, 816 (1985).

[11] *See* Washington v. Com., 29 Va. App. 5, 13-15, 509 S.E.2d 512, 516-17 (1999) (noting that officer could further detain person he reasonably suspected to be person named in capias, to establish his identity); *see also* United States v. Jones, 759 F.2d 633 (8th Cir. 1985) (holding that officers' further detention of burglary suspect who refused to identify himself did not convert investigative stop into arrest); State v. Flynn; 285 N.W.2d 710, 717-18 (Wis. 1979) (holding that police officer with reasonable suspicion could remove and search wallet of verbally abusive robbery suspect who refused to identify himself).

Back to October 2002 Index