UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARC STOUT, *et. al.*,

    Plaintiffs,

v.

Case No. 3:21-cv-468

SPOTSYLVANIA COUNTY
SHERIFF'S DEPARTMENT,

    Defendant.

## RESPONSE TO MOTION TO DISMISS

### *Sui Juris* Entity

1. The defendant's motion to dismiss states that the defendant, Spotsylvania County Sheriff's Department, is not an "entity" or a "person" for purposes of 42 U.S.C. §1983, but is a "brick-and-mortar" structure, and therefore cannot be sued.

2. The Stouts' complaint was, *de facto*, one against the Sheriff, Roger L. Harris, in his official capacity.

3. The Stouts named Roger L. Harris on the summons as the individual to be served.

4. Sheriff Roger L. Harris was the individual served with the summons.

5. The Stouts did not claim punitive damages. The Stouts did not claim punitive damages because the Stouts know that punitive damages cannot be assessed against an individual sued in his official capacity.

6. The Stouts' complaint claims that the Stouts' rights were violated because of an unconstitutional policy or custom, a claim reserved for policymakers sued in their official capacities, not for brick-and-mortar structures.

7. The Stouts checked the official capacity box under the defendant's information in the complaint.



8. The Stouts know that a brick-and-mortar structure cannot be sued in an "official capacity," but that an individual can be.

9. The Stouts concede that they did not name Roger L. Harris in the complaint.

10. However, "a court must look to the substance of the complaint, the relief sought, and the course of proceedings to determine the nature of a plaintiff's claims." Biggs v. Meadows, 66 F. 3d 56 - Court of Appeals, 4th Circuit 1995.

11. Applying *Biggs v. Meadows* to the facts in the Stouts' complaint, the court can reasonably deduce that the Stouts' complaint was one against Sheriff Roger L. Harris in his official capacity.

## Statute of Limitations

12. The defendant's motion to dismiss states that the 2013 Incident is time-barred.

13. The Stouts concede that the 2013 Incident is time-barred.

14. The Stouts are not seeking recovery for the 2013 Incident but are including the 2013 Incident as a supporting fact.

## Compulsory Identification on Reasonable Suspicion or Probable Cause

15. The defendant's motion to dismiss states that the "plaintiffs have also not sufficiently pled a cause of action for forcible identification."

16. The Stout's concede that the police may attempt to identify an individual who the police have engaged in a consensual encounter.

17. The Stouts concede that the police may attempt to identify an individual who the police have detained on reasonable suspicion.

18. The Stouts concede that the police may detain an individual on reasonable suspicion as long as reasonably necessary to attempt to ascertain an individual's identity.

19. The Stouts concede that the police may even employ expanded investigative methods to attempt to determine an individual's identity who the police have detained on reasonable suspicion.

20. The Stouts concede that the police may attempt to identify an individual who the police have arrested on probable cause or who the police have probable cause to arrest.

21. The Stouts concede that stop-and-identify statutes are constitutional.

22. However, Virginia is not a stop-and-identify state, and absent a statute to that effect, neither the Constitution, the Supreme Court, nor the police can compel an individual to identify themselves during a detention or arrest based on, respectively, reasonable suspicion or probable cause.

23. "The Fourth Amendment does not impose obligations on the citizen but instead provides rights against the government. As a result, the Fourth Amendment itself cannot require a suspect to answer questions," including questions about a suspect's identity. Hiibel v. Sixth Judicial Dist. Court of Nev., Humboldt Cty., 542 US 177 - Supreme Court 2004.

24. "*Hiibel* explained that the safeguards inherent in Terry likewise constrained an officer's authority to compel disclosure of someone's identity." Wingate v. Fulford, 987 F. 3d 299 - Court of Appeals, 4th Circuit 2021.

25. "The person stopped is not obliged to answer, answers may not be compelled, and refusal to answer furnishes no basis for an arrest." Terry v. Ohio, 392 US 1 - Supreme Court 1968.

26. "The source of the legal obligation arises from. . .state law, not the Fourth Amendment." Hiibel v. Sixth Judicial Dist. Court of Nev., Humboldt Cty., 542 US 177 - Supreme Court 2004.

27. Virginia state law does not contain a stop-and-identify statute and Spotsylvania County Code does not contain a stop-and-identify ordinance.

28. Assuming deputies had reasonable suspicion to detain or probable cause to arrest the Stouts, Virginia state law and Spotsylvania County Code didn't prescribe a legal obligation on the Stouts to identify themselves to deputies under those circumstances.

29. The question isn't whether or not stop-and-identify statutes are constitutional. The question isn't whether or not Spotsylvania County deputies have the right to attempt to identify individuals who deputies have detained on reasonable suspicion or arrested on probable cause.

30. The question is whether or not Spotsylvania County deputies had probable cause to arrest the Stouts for obstruction of justice for refusing to identify themselves to deputies who had reasonable suspicion to detain or probable cause to arrest the Stouts.

31. The Virginia Attorney General Opinion clearly establishes that an individual's refusal to identify to the police, under *any* circumstance, is not obstruction of justice in Virginia. See also Atkins v. Com., 678 SE 2d 834 - Va: Court of Appeals 2009 (

32. The defendant's motion to dismiss contains a footnote that the Attorney General Opinion cited in the Stouts' complaint was issued two years before *Hiibel* was decided, as if to imply that the Attorney General Opinion is somehow affected by *Hiibel*.

33. The *Hiibel* decision does not subsume, overrule, or otherwise affect the Attorney General Opinion in any way, shape, or form.

34. The issue in *Hiibel* was whether or not state law stop-and-identify statutes could compel individuals to identify themselves to the police. The Stouts have conceded the point.

35. The issue in the Attorney General Opinion was whether or not an individual's refusal to identify to the police, absent a stop-and-identify statute in Virginia, constituted a criminal offense, specifically, obstruction of justice.

36.

## Unconstitutional Policy or Custom

37. The defendant's motion to dismiss characterizes the Stouts' official capacity claim as a supervisor liability claim governed by Shaw v. Stroud, 13 F. 3d 791 - Court of Appeals, 4th Circuit 1994.

38. The Stouts' official capacity claim is not a supervisor liability claim but a municipal liability claim arising out of an unconstitutional practice that is so persistent and widespread that it constitutes a custom or usage with the force of law. Consequently, the Stouts' official capacity claim is governed by Lytle v. Doyle, 326 F. 3d 463 - Court of Appeals, 4th Circuit 2003.

39. "A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest [s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.' Id. at 217 (internal citations omitted)." Lytle v. Doyle, 326 F. 3d 463 - Court of Appeals, 4th Circuit 2003.

40. The allegations in the Stouts' complaint satisfy the last three out of four prongs in Lytle v. Doyle.

41. The Stouts concede that they struggled with themselves whether or not to bring this action against the Sheriff in his official capacity.

42. The Stouts heavily considered whether or not the Sheriff's dismissive disregard towards the Stouts' departmental complaints satisfied the deliberate indifference standard.

43. The Stouts heavily considered whether or not the Sheriff's practice of training deputies to charge, or to threaten to charge, with obstruction of justice, individuals who refuse to identify themselves satisfied the deliberate indifference standard.

44. The Stouts heavily considered whether or not three instances shared between two plaintiffs was evidence of such a persistent and widespread practice that it constituted a policy or custom.

45. The Stouts also considered that they were already suing the Spotsylvania County deputies, in their individual capacities, who unlawfully identified the Stouts.

46. However, in each and every instance, a formal departmental complaint was filed by the Stouts with the Sheriff himself. In each and every instance the Sheriff either didn't find fault with the deputies involved, didn't take the complaint seriously, or didn't apprise the Stouts of the outcome of any internal investigation into the deputies involved.

47. In one instance, the Sheriff responded to Marc Stout that the Sheriff understood Marc Stout's departmental complaint regarding unlawful identifications to mean that Marc Stout was complaining that deputies were "rude" to Marc Stout.

48. The Sheriff's dismissive disregard of the Stouts' complaints was "(2) the decision of a person with final policymaking authority," Lytle v. Doyle, 326 F. 3d 463 - Court of

Appeals, 4th Circuit 2003, and was an "(3) omission. . .that 'manifest [s] deliberate indifference to the rights of citizens.'" Id.

49. The Sheriff's practice of training deputies to charge, or to threaten to charge, with obstruction of justice, individuals who refuse to identify themselves to deputies is "(3) an omission, such as a failure to properly train officers, that 'manifest [s] deliberate indifference to the rights of citizens.'" Id.

50. The Stouts' complaint alleges that Spotsylvania County deputies have a practice of charging, or threatening to charge, with obstruction of justice, *all* individuals, not just the Stouts, who refuse to identify themselves to deputies.

51. The Stouts' complaint alleges that Spotsylvania County deputies have a practice of commanding *all* individuals who deputies come into contact with to provide identification, presumably, under potential threat of arrest for obstruction of justice.

52. The Spotsylvania County deputies' practices of charging, or threatening to charge, with obstruction of justice, individuals who refuse to identify themselves to deputies, and commanding individuals to identify themselves are "(4) practices so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" Id.

53. The defendant's motion to dismiss states that the Stouts didn't allege enough instances of similar constitutional infringement between enough plaintiffs to demonstrate a policy or custom.

54. "It is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." Pembaur v. Cincinnati, 475 US 469 - Supreme Court 1986.

55. "Municipal liability attaches. . .where the decisionmaker possesses final authority to establish municipal policy with respect to the action." Id.

56. "Municipal liability under § 1983 attaches where. . .a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. 484*484 See Tuttle, supra, at 823 (' "policy" generally implies a course of action consciously chosen from among various alternatives')." Id.

## STANDARD OF REVIEW

"In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. See, e.g., De Sole v. United States, 947 F.2d 1169, 1171 (4th Cir.1991).[4]" Mylan Laboratories, Inc. v. Matkari, 7 F. 3d 1130 (4th Cir. 1993). The court must "draw all reasonable inferences in favor of the plaintiff. See Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir.1999)." Nemet Chevrolet, Ltd. v. Consumeraffairs. com, Inc., 591 F. 3d 250 (4th Cir. 2009).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; 'importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.' Republican Party v. Martin, 980 F.2d 943, 952 (4th 244*244 Cir.1992). Accordingly, a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. See id. Furthermore, when as here, a Rule 12(b)(6)motion is testing the sufficiency of a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.' Harrison v. United States Postal Serv., 840 F.2d 1149, 1152 (4th Cir.1988) (internal quotation marks omitted) (emphasis added). We do note, however, that for purposes of Rule 12(b)(6), we

are not required to accept as true the legal conclusions set forth in a plaintiff's complaint. See District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083,1085 (4th Cir.1979)." Edwards v. City of Goldsboro, 178 F. 3d 231 (4th Cir. 1999).

SUBMITTED,

*Robert Stout* [signature]

MARC STOUT, *Pro Se*
ROBERT STOUT, *Pro Se*
*Plaintiffs*
30 WILLOW BRANCH PL
FREDERICKSBURG, VA 22405
(540) 370-6980
FORMULAFOCUSED@GMAIL.COM

08/29/2021
DATE

## CERTIFICATE OF SERVICE

The Stouts hereby certify that on August 29, 2021 a copy of this Response to Motion to Dismiss was emailed to defense counsel, Matthew T. Anderson, at manderson@t-mlaw.com.

SUBMITTED,

*Robert Stout* [signature]

*[signature]*            08/29/2021

MARC STOUT, *Pro Se*      DATE
ROBERT STOUT, *Pro Se*
*Plaintiffs*
30 WILLOW BRANCH PL
FREDERICKSBURG, VA 22405
(540) 370-6980
FORMULAFOCUSED@GMAIL.COM

## GHOSTWRITING CERTIFICATE

The Stouts hereby certify that they did not receive help from an attorney in the preparation of this document.

SUBMITTED,

*Robert Stout* [signature]

*[signature]*            08/29/2021

MARC STOUT, *Pro Se*      DATE
ROBERT STOUT, *Pro Se*
*Plaintiffs*
30 WILLOW BRANCH PL
FREDERICKSBURG, VA 22405
(540) 370-6980
FORMULAFOCUSED@GMAIL.COM